United States District Court
Southern District of Texas
**ENTERED**
January 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TANNER SMITH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-01421 |
| | § | |
| NORDEX USA, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant High Lonesome Wind Power, LLC ("High Lonesome") has filed a Rule 12(b)(6) Motion to Dismiss. *See* Dkt. 21. In that motion, High Lonesome argues that the claims brought against it in this lawsuit are barred by the statute of limitations. I agree.

## BACKGROUND

On August 15, 2019, Plaintiff Tanner Smith ("Smith") fell approximately 50 feet from a platform while constructing a wind turbine at a West Texas wind farm. He allegedly suffered life-altering bodily injuries. High Lonesome owned the wind farm at which Smith was working on the date he was injured.

On March 3, 2021, Smith filed suit in Illinois state court, asserting negligence claims against Enel Green Power Hilltopper Wind, LLC; Enel Green Power North America, Inc.; and Enel X North America, Inc. (the "Enel Entities"). Smith apparently believed that the Enel Entities owned and operated the site of his accident. Smith did not name High Lonesome as a defendant in the Illinois litigation.

On April 14, 2022, Smith and the named defendants in the Illinois case entered into a tolling agreement and dismissed the Illinois action. The tolling agreement expired on June 13, 2022. Importantly, High Lonesome was not a party to the tolling agreement.

On May 3, 2022, Smith filed the instant lawsuit in federal court in the Southern District of Texas. This time around, Smith asserts negligence claims against the Enel Entities, as well as negligence, gross negligence, and product defect claims against Nordex USA, Inc. and Nordex Wind Energy USA, LLC, the wind-turbine's designers, manufacturers, marketers, and distributors. Once again, High Lonesome was not named as a defendant.

On July 28, 2022 the Enel Entities moved to dismiss Smith's claims against them under Rule 12(b)(2) for lack of personal jurisdiction. In their motion to dismiss, the Enel Entities mentioned that High Lonesome owned and operated the wind farm at issue. As a result of that disclosure, Smith filed an Amended Complaint on August 18, 2022, adding High Lonesome as a defendant for the very first time.

High Lonesome has now filed a motion to dismiss, arguing that Smith's claims against it are untimely under the applicable statute of limitations.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. To withstand a Rule 12(b)(6) motion, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 200 (5th Cir. 2021).

## ANALYSIS

Plaintiff's Amended Complaint states causes of action for negligence and gross negligence against High Lonesome. In Texas, the statute of limitations for a negligence claim based in personal injury is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) ("[A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

Plaintiff's Amended Complaint alleges that Smith "was seriously injured on or about August 15, 2019 when he fell." Dkt. 8 at 3. Based on the face of the Amended Complaint, the two-year statute of limitations for negligence claims expired on August 15, 2021. The claims against High Lonesome were first filed on August 18, 2022, more than a full year after the statute of limitations had expired. For Smith, this is a problem. A big problem.

Smith seeks to avoid the statute of limitations by arguing that the Amended Complaint in this case should "relate back" to his original pleading under Rule 15(c). "An amendment to a pleading relates back to the date of the original pleading" in certain circumstances. FED. R. CIV. P. 15(c)(1). Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quotation omitted); *see also Quinn v. Guerrero*, 863 F.3d 353, 363 (5th Cir. 2017) (Rule 15(c) is "designed to ameliorate certain kinds of mistakes" such as "misnomer and misidentification.").

Rule 15(c) does not save Smith's claims against High Lonesome. As noted, the two-year statute of limitations for Smith's negligence claims against High Lonesome expired on August 15, 2021. The Original Complaint in this case was not filed until May 3, 2022, well outside the limitations period as it applies to High Lonesome. So, even if Smith's negligence claims against High Lonesome relate back to the date of the Original Complaint in this action, the statute of limitations still bars this action from proceeding against High Lonesome.

To the extent Smith's position is that his negligence claims against High Lonesome relate back to the date the Illinois state court lawsuit was filed (March 3, 2021), that argument is dead on arrival. The text of Rule 15(c) is clear: "An amendment to a pleading relates back to the date of the original pleading when . . . ." FED. R. CIV. P. 15(c)(1). By its plain terms, Rule 15(c) does not authorize a free-for-all that permits tardy litigants to relate back a complaint in one case to a complaint filed in a different case, much less a deceased prior case. As the Fifth Circuit explained:

> The district court properly held that the "original pleading" may not be a pleading filed in a different case. While this Court has not specifically addressed whether Rule 15(c) provides for a complaint in one case to relate back to a complaint in another case, other courts have answered the question in the negative, holding that Rule 15(c) pertains only to pleading within the same case.

*Carter v. Tex. Dep't of Health*, 119 F. App'x 577, 581 (5th Cir. 2004) (collecting cases); *see also Velez-Diaz v. United States*, 507 F.3d 717, 719 (1st Cir. 2007) ("Rule 15(c), by its terms, applies to amended pleadings in the *same* action as an original, timely pleading: the pleading sought to be amended may not be a pleading filed in a different case."); *United States ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003) ("We agree that Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action." (quotation marks omitted)); *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) (holding that a complaint filed in one civil action cannot relate back to a complaint filed in a separate civil action); *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013) ("Rule 15(c) by its express language only applies to pleadings in the same action as the original pleading, if timely filed, and does not relate to the original pleading in a prior suit."). Because Smith's claims against High Lonesome cannot relate back to the Illinois lawsuit, they are time-barred and should be dismissed.

## CONCLUSION

Smith did not sue High Lonesome until more than three years after his accident. The applicable statute of limitations is two years. I thus recommend that High Lonesome's Rule 12(b)(6) Motion to Dismiss (*see* Dkt. 21) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 30th day of January 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE